M. A. INMAN, administratrix *et al.*, plaintiffs in error, *vs.* D. J. JONES, defendant in error.

When a defendant has had his day in Court he cannot, by an affidavit of illegality, go behind the judgment and attack it on the ground that the consideration of the debt on which the judgment was rendered was the purchase-money due for slaves.

Slave Debts.    Estoppel.    Before Judge TWIGGS.    Burke Superior Court.    May Term, 1871.

On the 19th of November, 1868, Jeremiah Inman obtained a judgment against D. J. Jones, principal, and M. D. Jones, security, upon which a *fi. fa.* was issued upon the 25th of November, 1868. In December, 1868, D. J. Jones made affidavit that said judgment " was founded on a debt the consideration of which was for the purchase of slaves," to stop said *fi. fa.* from proceeding. Upon the trial of this oath of illegality it was admitted that the suit in which said

Inman *vs.* Jones.

judgment was taken was brought before the adoption of the Constitution of 1868 ; that no defense was made ; that after the adoption of the Constitution of 1868 an award was made in favor of plaintiff against said defendants, and said judgment was entered thereon, and that plaintiff and M. D. Jones are dead.

Plaintiff moved to dismiss the affidavit because it did not, in substance or effect, allege that the consideration of the debt, the foundation of said judgment, was a slave or slaves, or either, or the hire thereof. 2d. That affiant was estopped from making this defense, since said judgment; that he has had his day in Court, and might have pleaded said facts when said award was made the judgment of said Court. The Court overruled this motion to dismiss the illegality, and error is assigned on said grounds.

JOHN T. SHEWMATE, for plaintiffs in error.

A. R. WRIGHT, for defendant.

WARNER, Judge.

This was an affidavit of illegality to a judgment rendered against the defendant in November, 1868, on the ground that the note on which the judgment was founded was a debt the consideration of which was for the purchase of slaves. The plaintiffs made a motion to dismiss the affidavit of illegality on the ground that the defendant had his day in Court, and was now estopped from going behind the judgment and setting np this defense by an affidavit of illegality. The Court overruled the motion, and the defendant excepted. This case is within the principle decided by this Court during the present term in the case of *Miller vs. Albritton.* The defendant should have pleaded and proved the consideration of the debt on the trial of the case when the judgment was rendered.

Let the judgment of the Court below be reversed.